IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Shanella Barksdale on behalf of Minor T.B., | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No.: 6:19-cv-00773-JMC |
| v. | ) ) ) | **ORDER** |
| Andrew M. Saul, Commissioner of Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on May 12, 2020. (ECF No. 26.) The Report addresses the claim of Plaintiff Shanella Barksdale, appearing on behalf of her minor cousin, T.B.[1] ("Plaintiff"), for Supplemental Security Income ("SSI"). (*Id.* at 1.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 15.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-12.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for SSI. (ECF No. 14-2 at 33.) The ALJ found Plaintiff had severe impairments, including depression and a learning disorder. (*Id.* at 21.) Due to Plaintiff's status as

---

[1] For the sake of clarity, the Order refers to T.B. as "Plaintiff."

1

a minor, the ALJ then analyzed Plaintiff's impairments by examining six functional equivalence categories and explaining that if Plaintiff had either one extreme limitation or two marked limitations in the six categories, her impairments would functionally equal a Listing. (*Id.* at 20-22.) The ALJ thoroughly examined the record (*Id.* at 22-27) and ultimately concluded Plaintiff had only one "marked limitation in acquiring and using information" (*Id.* at 27-28).

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on March 14, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report finding the ALJ's decision was supported by substantial evidence and suggesting this case be affirmed. (ECF No. 26 at 15.) Specifically, the Magistrate Judge found the ALJ properly analyzed the six functional equivalence categories and decided Plaintiff had a marked limitation in only one. (*Id.* at 12.) The Magistrate Judge further explained the ALJ correctly weighed opinion evidence and sufficiently discussed conflicting evidence in the record, including testimony from Plaintiff's teacher. (*Id.* at 13-15.) Lastly, the Magistrate Judge conceded there was "conflicting record evidence regarding the claimant's ability to attend and complete tasks. Nevertheless, the Commissioner, and not the court, is charged with resolving conflicts in the evidence, and this court cannot reverse that decision merely because the evidence might permit a different conclusion." (*Id.* at 15 (citing *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)).)

2

On May 12, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 26.) Plaintiff thereafter offered timely objections to the Report, including allegations that the ALJ improperly assessed opinion evidence and "cherry pick[ed] sentences from various records to support" the ALJ's decision. (ECF No. 28 at 2.) In response to Plaintiff's objections, the Commissioner notes Plaintiff's objections simply rehash prior arguments considered by the Magistrate Judge. (ECF No. 29 at 3.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court

is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff's contends the ALJ (1) failed to properly consider contradictory evidence in a 2016 Individualized Education Program plan created for Plaintiff; and (2) improperly weighed or failed to consider certain evaluations from Plaintiff's fifth grade teacher. (ECF No. 28 at 3.) Plaintiff stresses the Magistrate Judge consequently erred by agreeing with the ALJ's erroneous findings. (*Id.* at 3-4.) The Commissioner counters that Plaintiff's objections are simply rehashed arguments previously considered and addressed by the Magistrate Judge. (ECF No. 29 at 3.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes

4

what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes Plaintiff's remaining objections restate arguments that are adequately addressed by the Report. (*See* ECF No. 26 at 12-15.) Moreover, Plaintiff's objections substantively mirror the arguments raised in her prior briefing, including failing to consider contradictory evidence (*compare* ECF Nos. 20 at 5-10; 23 at 1-2 *with* ECF No. 28 at 3); and improperly weighing or failing to consider certain evaluations (*compare* ECF Nos. 20 at 4-5, 7-9; 23 at 1-2 *with* ECF No. 28 at 3). Indeed, Plaintiff admits the "[Report] shows a full analysis of the Commissioner's decision to adopt the findings of the ALJ and Appeals Council," and maintains her disagreement with the suggested resolution by reusing her previous arguments. (ECF No. 28 at 3-4.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which

the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein. Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 26) and incorporates it herein. Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 4, 2020
Columbia, South Carolina